UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 15-CV-03891 (MKB) (RER)
_____

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND,
TRUESTEES OF THE LOCAL 7 TILE INDUSTRY ANNUITY FUND,
TRUSTEES OF THE TILE LAYERS LOCAL UNION 52 PENSION FUND,
TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND, AND TRUSTEES OF THE
INTERNATIONAL MASONRY INSTITUTE,

                Plaintiffs,

VERSUS

PENN VALLEY TILE, INC.

                Defendant.

_____

REPORT AND RECOMMENDATION
_____

**RAMON E. REYES, JR., U.S.M.J.:**

**TO THE HONORABLE MARGO K. BRODIE, UNITED STATES DISTRICT JUDGE**

Trustees of the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, and the Tile Layers Local Union 52 Pension Fund ("Local Benefit Funds"), and Trustees of the Bricklayers & Trowel Trades International Pension Fund and the International Masonry Institute ("International Benefit Funds") (collectively, the "Funds") brought this lawsuit against Penn Valley Tile, Inc. ("Penn Valley"), alleging violations of §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. After Penn Valley failed to appear in or otherwise defendant against this action, the Clerk of the Court noted defendant's default (dkt. no. 10), and thereafter the Funds moved for default judgment (dkt. no. 13). On November 2, 2015, the Honorable Margo K. Brodie referred that motion to me for this Report and Recommendation.

For the reasons discussed below, the Court respectfully recommends that the

1

motion be granted, and that judgment be entered against Penn Valley in the amount of $183,227.55.

## BACKGROUND

Plaintiffs are fiduciaries of multiemployer employee benefit plans within the meaning of ERISA. (*See* Compl. ¶¶ 4-5.) *See also* 29 U.S.C. §§ 1002(3), 1102(a), 1002(21), and 1002(37). The Funds are also labor-management trust funds organized and operated in accordance with § 302(c)(5) of the LMRA. Penn Valley, a Pennsylvania corporation, is an "employer" within the meaning of ERISA and the LMRA. (Compl. ¶ 6.) *See* 29 U.S.C. § 1002(5); 29 U.S.C. § 152(2).

The Title Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union") is a labor organization within the meaning of Section 301 of the LMRA. (Compl. ¶ 7.) At all relevant times, Penn Valley was bound to the collective bargaining agreement (the "CBA") between the Greater New York and New Jersey Tile Contractors Association, Inc. and the Union. (Compl. ¶¶ 8; Dkt. No. 21-1, Exh. A ("CBA").) [1] Pursuant to that CBA, Penn Valley was required to make contributions to the Funds for all work performed in the trade and geographical jurisdiction of the Union. (Compl. ¶¶ 8–9; CBA Art. IX § 3.) In addition, the CBA bound Penn Valley to "Agreements and Declarations of Trusts . . . and by all By-Laws, rules and resolutions adopted to regulate each of the Funds." (CBA Art. IX §3(Q); *see* Guy Decl. ¶ 12.) To that end, the Funds have provided a copy of the Joint Policy for Collection of Delinquent Fringe Benefit Contributions. (Dkt. No. 21-2, Exh. B.)

In May 2015, representatives of the Funds completed a payroll audit of Penn Valley's books and records covering the period from January 1, 2011 through December 31, 2012 (the "Audit Period"). (Compl. ¶ 11.) The final audit report, dated October 5, 2015, determined that Penn Valley owed the Funds $111,353.66 in unpaid benefit contributions for the Audit Period. (Dkt. No. 19-1, Exh. A ("Audit Report").) The Audit Report further stated that Penn Valley owed $53,876.08 in interest, $21,720.15 in liquidated damages, and $3,360.00 in audit costs. (*Id.*)

Accordingly, the Funds seek the "total amount due of $190,309.89," as reflected in the Audit Report, plus attorney's fees and costs. Virginia & Ambinder, LLP ("V&A"), counsel to the Funds, provided contemporaneous time records showing a balance of $2,442.22 in attorney's fees and costs.(*See* Dkt. No. 14 ("Marimon Decl.") ¶¶ 11-17, 19(b); Dkt. No. 14-4, Exh. D ("V&A Statement").) Subsequently, in response to this Court's order to supplement the record in light of apparent deficiencies (Order dated 7/7/2016), the Funds provided updated time records that reflect attorney's fees and costs in the amount of $3,255.70 (*See* Dkt. No. 21 ("Marimon Supp. Decl.") ¶¶ 8-14, 16(b); Dkt. No. 21-3, Exh. C ("Updated V&A Statement").)

---

[1] Penn Valley was bound by a collective bargaining agreement (the "Local 1 CBA") between Associated Tile Contractors of Philadelphia and Suburbs and Bricklayers and Allied Craftworkers Local Union No. 1 of PA/DE. (*See* Dkt. No. 15-1, Exh. A.) Under that agreement, Penn Valley agreed to "abide by the full terms and conditions of the Agreement in effect in the job site area" when performing work outside the area covered by the Local 1 CBA. (*Id.* Art. 4 § 5.) Accordingly, pursuant to the Local 1 CBA, Penn Valley was bound to the CBA. (*See* Dkt. No. 15 ("Guy Decl.") ¶¶ 5-7.)

2

## DISCUSSION

### I. Liability

A defaulting defendant is deemed to have admitted all well-pleaded factual allegations. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Accepting these allegations as true, the Court must determine whether the plaintiff has adequately alleged the defendant's liability as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 83 (2d Cir. 2009).

ERISA requires every employer to make contributions to a multiemployer plan in accordance with the terms and conditions of the governing agreement. 29 U.S.C. § 1145. "An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due." *Masino v. A to E, Inc.*, No. 07-CV-03462, 2009 WL 5184340, at *2 (E.D.N.Y. Dec. 21, 2009) (quotation marks and citations omitted). Relatedly, under the LMRA, federal district courts have jurisdiction over "violation of contracts between an employer and a labor organization . . . without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185.

The Funds have adequately pleaded a violation of ERISA and a breach of the CBA. They have alleged that Penn Valley is an employer party bound to the CBA with the Union. And they provide evidence, including the governing CBA and incorporated documents and Audit Report, to establish that Penn Valley failed to pay contributions owed to the Funds in violation of ERISA and the terms of the CBA.

Accordingly, the Court respectfully recommends that default be entered against Penn Valley on the ERISA and LMRA claims.

### II. Damages

Under ERISA, where "a judgment in favor of the plan is awarded, the court shall grant the plan" the following: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of twenty percent; (4) reasonable attorney's fees and costs of the action; and (5) other appropriate legal or equitable relief. 29 U.S.C. § 1132(g)(2). Having reviewed the detailed affidavits and other documentary evidence, the Court finds a sufficient basis to determine damages to a "reasonable certainty," and recommends the damages based on the record before it. *See* FED. R. CIV. P. 55(b); *Bd. of Trustees of the UFCW Local 174 Pension Fund v. Jerry WWHS Co.*, No. 08-CV-02325 (ARR) (JO), 2009 WL 982424, at *3 (E.D.N.Y. Apr. 10, 2009).

#### A. Unpaid Contributions

The Funds seek $111,353.66 in unpaid contributions for the Audit Period. The Audit Report, in combination with the revised affidavit of Fred Moss (Dkt. No. 19-1, Exh. A at 1-4 ("Moss Decl."), provides a sufficient basis to substantiate this amount. In particular, the Audit Report reflects that Penn Valley owes $98,251.73 and $13,101.93, respectively, to the Local 7 Benefit Funds and the Intentional Benefit Funds. Accordingly, the Court recommends a total award of $111,353.66 in unpaid contributions.

3

### B. Interest

The Funds seek a total interest award of $53,876.08. ERISA provides for an award of interest on unpaid contributions that is to be calculated using either the rate set forth in the CBA, or if no such rate is prescribed, at a statutory rate. 29 U.S.C. § 1132(g)(2) (referring to 26 U.S.C. § 6621). The CBA provides for interest rates of 10% and 15%, respectively, for the Local Benefit Funds and International Benefit Funds. (CBA Art. IX § 3(L).) Different accrual dates apply for "Association members" and "Independent Employers." (CBA Article IX § 3(L).) The CBA does not specify whether interest is to be calculated based on a simple or compounding formula.

Here, the Funds seek interest, compounded annually, at the prescribed rates from the time the deficiency amount was due up until October 5, 2015, the date of the Audit Report. The Court recommends against this complicated interest calculation in favor of "the simplified method . . . adopted by courts in this District for ERISA claims." *Trustees of the Local 7 Tile Indus. Welfare Fund v. Dibernardo Tile & Marble Co.*, No. 13-CV-00277 (MKB), 2014 WL 1315375, at *2 (E.D.N.Y. Mar. 31, 2014) (citation omitted). Under this simplified formula, the Funds would be entitled to an award of simple interest from a single intermediate date. *Id.* (citation omitted).

Payment to the Funds became delinquent at varying times over the period of January 1, 2011 through December 31, 2012. The midpoint of this period is January 1, 2012. *See id.* (employing the same method to determine intermediate midpoint). Accordingly, the Court recommends an award of $36,958.80 to the Local 7 Benefit Funds, which constitutes simple interest at 10% annum on the $98,251.73 in unpaid contributions. Similarly, the Court finds that, at a rate of 15% annum on the $13,101.93 in unpaid contributions, the International Funds are entitled to interest in the amount of $7,392.72.

Accordingly, the Court respectfully recommends a total interest award of $44,351.52.

### C. Liquidated Damages

The Funds seek an award of liquidated damages in the amount of $21,720.15, representing 20% of the unpaid contributions to the Local Benefit Funds and Intentional Benefit Funds exclusive of the International Masonry Institute. (Moss Decl. ¶ 9.) The CBA provides for liquidated damages of 20% of unpaid contributions. (CBA Art. IX § 3(L).) Accordingly, this provision controls under ERISA, 29 U.S.C. § 1132(g)(2), and the Court respectfully recommends $21,720.15 in liquidated damages.

### D. Attorney's Fees and Costs

ERISA mandates an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. §§ 1332(g)(2)(D); *see also Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 163 (E.D.N.Y. 2008). The Funds initially sought fees in the amount of $1,916.00 (*see* V&A Statement), but now seek $2,693.00 (*see* Updated V&A Statement), the differential representing 4.7 billable hours devoted to filing the initial motion for default judgment, revising and filing the revised audit report, and responding to the Court's order to supplement.

"[T]he determination of a reasonable fee award under Section 1132(g)(2)(D) of ERISA lies within the sound discretion of the district judge." *Bourgal v. Lakewood*

4

*Haulage Inc.*, 827 F.Supp. 126, 129 (E.D.N.Y.1993) (citations omitted). A party seeking such an award must support its application by submitting contemporaneous time records that detail "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). Courts in this circuit assess fee applications by reference to the "presumptively reasonable fee," which amounts to "a reasonable hourly rate multiplied by a reasonable number of expended hours." *Id.* at 164 (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007). In addition, courts may consider "factors such as time and labor involved, the level of skill required, and fee awards in similar cases." *Century 21 Real Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 298–99 (E.D.N.Y. 2009).

1. Reasonable Hourly Rates

The Funds request hourly rates of $260 for the Michael Bauman, formally Of Counsel to V&A with over twenty year years of relevant litigation experience; $200 for Nicole Marimon, a 2014 graduate of Fordham Law School and associate at V&A; and $90 for unidentified legal assistants. (*See, e.g.*, Marimon Decl. ¶¶ 12–14; V&A Statement.). Courts in this District have approved these rates in similar cases. *Trustees of Local 7 Tile Indus. Welfare Fund v. Caesar Max Tile Corp.*, No. 13-CV-00924 (RRM) (VMS), 2014 WL 991723, at *10 (E.D.N.Y. Mar. 13, 2014) (finding $260 per hour for Bauman and $90 per hour for unidentified paralegals to be reasonable in ERISA default case); *Trustees of Empire State Carpenters Annuity v. J. Careri Constr. Co., LLC*, No. 14-CV-03325 (ENV) (RER), 2016 WL 492145, at *3 (E.D.N.Y. Jan. 5, 2016) (awarding hourly rate of $200 for Marimon and $90 for unidentified paralegals). In light of this authority, and based on its own experience, the Court finds the requested hourly rates to be reasonable under the circumstances.

2. Reasonable Hours

To begin, the Court must respectfully recommend the denial of $1,920.00 in fees representing the 4.7 hour differential between the initial and updated time records. (*Compare* V&A Statement *with* Updated V&A Statement.) The Court's order to supplement was not an invitation for V&A to reconcile its billing. And it seems that the time spent to rectify an "incorrect" filing (*see* dkt. no. 19 at 1) and to cure deficiencies in the record could have been avoided with the exercise of a bit more care. Less this additional time, V&A billed 11.20 hours, as reflected in the initial time records. (*See* V&A Statement.) This number is what the Court would typically expect for an ERISA default judgment. *See generally Martone v. HST Roofing, Inc.*, No. 03-CV-4165 (NGG) (RML), 2007 WL 595054 at *3 (E.D.N.Y. Feb. 22, 2007). Further, review of the time records reveals no indication of excessive, redundant, or otherwise unnecessary hours. *Trustees of Local 7 Tile Indus. Welfare Fund v. Richard's Imp. Bldg., Inc.*, No. 12-CV-06143 (MKB), 2013 WL 3967326, at *5 (E.D.N.Y. Aug. 1, 2013). Accordingly, the Court respectfully recommends fees for the 11.20 hours counsel reasonably expended in this matter, for a total attorney's fees award of $1,916.00.

3. Costs

Courts award "those reasonable out-of-picket expenses incurred by attorneys and ordinarily charged to their client." *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *Pennacchio v. Powers*, No. 05-

5

CV-00985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011). The party asking for relief has "the burden of adequately documenting and itemizing the costs requested." *See id.*; *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-00696 (KAM) (SMG), 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013). The movant must submit "an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred," and "[b]ills for the costs claimed must be attached as exhibits." *Trustees of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship, Skill, Imp. & Safety Funds v. WJL Equities Corp.*, No. 13-CV-00853 (KAM)(PK), 2015 WL 6965146, at *4 (E.D.N.Y. Nov. 10, 2015).

Here, the Funds initially sought $526.22 in costs, but based on the updated time records, now seek $562.27. (*Compare* V&A Statement *with* Updated V&A Statement). For essentially the same reasons the Court recommends against an increased attorney's fees award, it must also reject the Funds' untimely request for additional costs. Based on the initial statement, the Funds seeks $526.22 for the costs of filing this action, service of process, and postage. (*See* Marimon Decl. ¶ 17; V&A Statement.) These costs are reasonable and thus the Court respectfully recommends an award of $526.22 for costs.

Based on the foregoing, the Court respectfully recommends a total award of $2,442.22 in attorney's fees and costs.

### E. Audit Costs

The Court finds a basis to award audit fees under ERISA and the CBA. *See* 29 U.S. 1132(g)(2)(E); (CBA Art. IX § M.) "[T]he evidence supporting an audit fee request under 29 U.S.C. § 1132(g)(2)(E) must include, at minimum, some breakdown of the auditors' rates charged and hours expended." *Masino v. Tucci Equip. Rental Corp.*, No. 08-CV-00898 (FB) (RML), 2008 WL 5451005, at *2 (E.D.N.Y. Nov. 20, 2008). The Court assess audit costs for reasonableness. *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008).

The Funds seek $3,360.00 in audit costs, which represents forty-eight hours of work at $70 per hour. (Moss Decl. ¶¶ 16-18.) The Court finds this amount to be reasonable and respectfully recommends an award of the full balance. *Gesauldi v. Dan Yant Inc.*, 6 F. Supp. 3d 264, 274 (E.D.N.Y. 2014) (finding an hourly rate of $70 for audit costs to be reasonable in ERISA case).

### **CONCLUSION**

For the foregoing reasons, the Court respectfully recommends that default against defendant Penn Valley Tile, Inc. be GRANTED and that judgment be entered in the amount of $183,227.55, consisting of: (1) $111,353.66 in unpaid contributions; (2) $44,351.52 in interest; (3) $21,720.15 in liquidated damages; (4) $2,442.22 in attorney's fees and costs; and (5) $3,360.00 in audit costs. Plaintiffs are ordered to serve a copy of this Report and Recommendation on defendants by July 22, 2016 and to file proof of such service immediately thereafter.

Any objections to the recommendations set forth above must be filed with the Clerk of the Court and the Honorable Margo K. Brodie within fourteen days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y*

*of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*
Ramon E. Reyes, Jr.
U.S. Magistrate Judge

Dated: July 21, 2016
      Brooklyn, NY

7