UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELARE FUND, TRUSTEES OF THE LOCAL 7
TILE INDUSTRY ANNUITY FUND, TRUSTEES
OF THE TILE LAYERS LOCAL UNION 52
PENSION FUND, TRUSTEES OF THE
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND and
TRUSTEES OF THE INTERNATIONAL
MASONRY INSTITUTE,

**MEMORANDUM & ORDER**
15-CV-3891 (MKB) (RER)

Plaintiffs,

v.

PENN VALLEY TILE, INC.,

Defendant.

---

MARGO K. BRODIE, United States District Judge:

On July 2, 2015, Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, the Local 7 Tile Industry Annuity Fund, the Tile Layers Local Union 52 Pension Fund, the Bricklayers & Trowel Trades International Pension Fund and the International Masonry Institute commenced the above-captioned action against Defendant Penn Valley Tile, Inc., alleging violations of §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 132(a)(3) and 145, and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl., Docket Entry No. 1.) Although served with the summons and Complaint, (Docket Entry No. 8), Defendants failed to appear in this action. Plaintiffs sought and obtained the entry of default against Penn Valley Tile, (Docket Entry No. 10), and subsequently moved for a default judgment, (Mot. for Default J., Docket Entry No. 13). On November 2, 2015, the Court referred this matter to Magistrate Judge Ramon E. Reyes, Jr. for a report and

recommendation. (Order dated Nov. 2, 2015.)

By report and recommendation dated July 21, 2016 (the "R&R"), Judge Reyes recommended that the Court grant Plaintiffs' motion for a default judgment against Defendant in the amount of $183,227.55, consisting of: (1) $111,353.66 in unpaid contributions, (2) $44,351.52 in interest, (3) $21,720.15 in liquidated damages, (4) $2,442.22 in attorneys' fees and costs and (5) $3,360.00 in audit costs. (R&R 6.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[F]ailure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Eustache v. Home Depot U.S.A., Inc.*, 621 F. App'x 86, 87 (2d Cir. 2015) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Reyes' R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs' motion for a default judgment against Penn Valley Tile, Inc. is granted. The Clerk of Court is directed to enter judgments in the amounts set forth above and to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 16, 2016
      Brooklyn, New York